**Joseph KOFOED, Plaintiff—Appellant,**

v.

**Steven SHIPRACK, Defendant—Appellee.**

**No. 04–36121.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2006.

Filed Aug. 29, 2006.

Joseph Kofoed, Portland, OR, pro se.

Eric Schnapper, Esq., Leonard J. Feldman, Esq., Heller Ehrman, LLP, Lila Silverstein, Tim Hobbs, Erik Van Hagen, Seattle, WA, for Plaintiff–Appellant.

Norman D. Malbin, Esq., Portland, OR, for Defendant–Appellee.

Before: FERGUSON and CALLAHAN, Circuit Judges, and BOLTON,* District Judge.

* The Honorable Susan R. Bolton, United States    District Judge for the District of Arizona, sit-

## MEMORANDUM **

Joseph Kofoed appeals the District Court's grant of summary judgment in his slander suit against Steven Shiprack. Kofoed filed suit in state court alleging that Shiprack, a representative of Portland's International Brotherhood of Electrical Workers (IBEW) union, made defamatory remarks about Kofoed to a Siemens Power Corporation hiring agent, with the result that Kofoed was not hired for a union job. Shiprack removed to federal district court pursuant to 28 U.S.C. §§ 1441 and 1446, and filed an answer claiming privilege as an affirmative defense. The District Court granted summary judgment to Shiprack on the basis that resolution of Kofoed's slander claim requires interpretation of the collective bargaining agreement (CBA) between the union and Siemens, thereby converting Kofoed's state law claim into a federal one under the complete preemption doctrine of § 301 of the National Labor Relations Act (NLRA). *See* 29 U.S.C. § 185(a). Kofoed challenges the District Court's finding of § 301 preemption and the resulting dismissal of his suit. We affirm.

### I.

Whether § 301 of the NLRA preempts a claim is a question of law reviewed de novo. *Humble v. Boeing,* 305 F.3d 1004, 1008 (9th Cir.2002). We review a grant of summary judgment de novo to determine whether the district court correctly applied the relevant law and whether there are any genuine issues of material fact. *Brown v. Lucky Stores, Inc.,* 246 F.3d 1182, 1187 (9th Cir.2001).

### II.

Kofoed's first argument for reversal is that the CBA becomes relevant to his suit

only as a result of a defense to his complaint, thereby violating the well-pleaded complaint rule. This argument is unavailing because "complete preemption" under § 301 is a jurisdictional doctrine that operates as an "exception to the well-pleaded complaint rule." *Balcorta v. Twentieth Century–Fox Film Corp.,* 208 F.3d 1102, 1107 (9th Cir.2000). The operative test for federal jurisdiction under § 301 is not the narrow question of whether a federal question is presented on the face of the plaintiff's complaint, but the broader inquiry of whether interpretation of a CBA "inhere[s] in the nature of the plaintiff's claim." *Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 691 (9th Cir.2001).

It is clear on the facts of this case that the relevance of the CBA inheres in the nature of Kofoed's claim. Kofoed alleges that Shiprack, "an individual with unqualified privilege," slanderously disclosed to a Siemens hiring agent that Kofoed had "a prior history creating employee management related problems and being disruptive." From the nature of this claim, it is clear that the CBA between the union and Siemens must be consulted, since the CBA defines the scope of the union's right to refer workers to Siemens. We therefore reject Kofoed's first argument.

### III.

Kofoed's second argument is that even if the CBA must be consulted, it need not be construed to resolve his suit, and therefore § 301 preemption does not apply. As the Supreme Court held in *Livadas v. Bradshaw,* when "the meaning of contract terms is not subject to dispute, the bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim

ting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36–3.

to be extinguished." 512 U.S. 107, 123–26, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994). By contrast, "when resolution of a state-law claim is substantially dependent upon analysis of the terms" of a CBA, § 301's demand for uniformity requires that the suit be preempted. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

Here, in comparing the standard under Oregon law for determining privilege with the relevant provisions of the CBA, it is clear the trial court will have to interpret the terms of the CBA in order to resolve Kofoed's claim. Specifically, under Oregon law, a qualified privilege exists when a statement "is made to protect the interests of defendants," "is made to protect the interests of plaintiff's employer," or "is on a subject of mutual concern to defendants and the persons to whom the statement was made." *Wattenburg v. United Med. Labs.,* 269 Or. 377, 525 P.2d 113, 113 (1974); *see Walsh v. Consol. Freightways,* 278 Or. 347, 563 P.2d 1205, 1210 (1977). As such, to resolve Kofoed's claim, a court will have to determine what Siemens's "interests" are, what the subjects of "mutual concern" between Local 48 and Siemens are, and—possibly—what Local 48's "interests" are.

Turning to the CBA, the first three sections of article V, which broadly establish Local 48's exclusive right to refer workers to Siemens, raise several questions that must be answered before the scope of Shiprack's privilege can be determined. These questions include whether the union, as the sole and exclusive source of referrals to the employer, enjoys an implicit right not to refer a worker; whether the CBA confers upon the union the implicit authority to refer based on subjects "of mutual concern" to the signing parties; and whether the union's right to refer should be read in conjunction with the basic principles of the CBA. Given the particular terms of this CBA, which are not plain, the trial court will have to engage in significant contract interpretation before it can answer these questions that Oregon law has identified as key to determining the scope of Shiprack's privilege to communicate with Siemens. *See Allis–Chalmers,* 471 U.S. at 215–16, 105 S.Ct. 1904 (holding that determining whether a CBA contains implied rights is an interpretative act that triggers § 301 preemption, and one that "must be left to federal law"). Since the question of whether Shiprack's remarks were privileged cannot be answered by a plain reading of the CBA, and because the need to interpret the CBA is neither "limited" nor "speculative," *see Humble,* 305 F.3d at 1011, we affirm the District Court's determination that Kofoed's claim is preempted.

## IV.

Under the doctrine of complete preemption, a state law claim that requires interpretation of a CBA is converted into a federal claim "from its inception." *Balcorta,* 208 F.3d at 1107. Therefore, Kofoed's slander claim *is* a federal claim arising under the NLRA and on that basis must be dismissed. Kofoed's remaining arguments for reversal are therefore rejected.

For the foregoing reasons, we **AFFIRM** the District Court's finding of § 301 preemption and the resulting dismissal of Kofoed's suit.